Jesena v Uy (2025 NY Slip Op 50038(U))

[*1]

Jesena v Uy

2025 NY Slip Op 50038(U)

Decided on January 6, 2025

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 6, 2025
Supreme Court, New York County

Maria L Jesena and MARIXI JESENA, Plaintiffs,

against
Marianito Uy, Defendant.

Index No. 653751/2023

Landy Wolf PLLC, New York, NY (David A. Wolf of counsel), for plaintiffs.
Todd Rothenberg, Esq., New Rochelle, NY, for defendant. 

Gerald Lebovits, J.

This action concerns who has the authority to manage a Manhattan apartment building. On motion sequence 001, plaintiffs, Maria Lourdes Jesena and Marixi Jesena, moved to enjoin defendant, Marianito Uy, from acting as property manager and to turn over certain materials related to the building. (NYSCEF No. 26 [order to show cause].) In October 2023, this court granted the motion in a written order. (See NYSCEF No. 36.) Defendant did not turn over any materials, however.
On motion sequence 002, plaintiffs moved again to enjoin defendant to turn over to plaintiffs materials related to the building. (NYSCEF No. 47 [order to show cause].) In a written order dated February 28, 2024, this court granted the motion and required defendant "to turn [*2]over to plaintiffs (i) copies of all keys to units in the building; (ii) copies of all leases, service contracts, and financial records pertaining to the apartment building at issue; (iii) all security deposits of tenants in the building; and (iv) access to all bank accounts in which defendant deposits rent he collects from the tenants in the building." (NYSCEF No. 58.) In the order, the court warned defendant that "if the injunction is not complied with, the next step is a warrant of arrest and contempt, with all attendant consequences." (Id.)
On motion sequence 003, plaintiffs now move for an order holding defendant in civil contempt, issuing a warrant for his arrest for noncompliance with the February 2024 order, and requiring defendant to comply with that order. (NYSCEF No. 66 [order to show cause].) The motion is granted to the following extent.
Judiciary Law § 753 authorizes a court to punish a person who disobeys a lawful court mandate "by fine and imprisonment." Plaintiffs argue that defendant disobeyed this court's order when he did not produce the required materials. The court agrees.[FN1]

A court that considers whether to hold a party in civil contempt must determine whether (1) a lawful and unequivocal court order was in effect; (2) that order was disobeyed; (3) the alleged contemnor knew about the court's order; and (4) a litigant's rights were prejudiced. (See El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015].)
Plaintiffs argue that defendant should be held in contempt because he did not turn over all the required documents and items in his possession or control. In particular, plaintiffs asserts that defendant provided only "(i) leases for 7 units in the Building; (ii) keys to the front door and basement; and (iii) a series of documents labeled 'monthly reports' that purport to list income and expenses for the months of January 2023 through July 2023, but contain no supporting materials." (NYSCEF No. 61 at ¶ 17 [memo of law].) Plaintiffs argue that defendant did not turn over service contracts, financial records, security deposits, bank-account information, or keys to the units, as this court required. (Id. at ¶ 18.)
Defendant does not dispute plaintiffs' account of what he did provide. But he says he complied with the order to the extent he is able. He represents that he no longer has "any keys, leases, contracts, financial records, security deposits, and/or bank accounts related to the subject building in [his] possession" and that he has now shared with plaintiff all building-related materials in his control. (NYSCEF No. 69 at ¶¶ 4, 11, 13-14.) Plaintiffs contend that defendant possesses more materials than he produced. The court agrees with plaintiffs.
The court first concludes that defendant disobeyed the branch of this court's order [*3]requiring him to turn over access to the bank accounts in which he deposited tenants' rent. He previously represented (on motion sequence 002) that he had no authority to disclose account information and access codes for the account(s) in which tenant rent payments were deposited (see NYSCEF No. 52 at ¶ 14), thus reflecting that he had that account and access information. Indeed, his knowledge of that information tracks his dual role with respect to the building, acting not only as the building's property manager, but also as a named landlord on the tenants' leases. (See NYSCEF No. 73 [lease cover sheets].) And in contrast to his representations about the security deposits (see NYSCEF No. 69 at ¶ 14), defendant does not represent on this motion that he lacks and cannot obtain information about, or access to, the account(s) used for tenant rent payments.
The court also concludes that defendant disobeyed the branch of this court's order to provide contracts pertaining to the building. Defendant previously stated that he possessed documents "including documents and information pertaining to bank accounts, the leases and contracts which are in [Oscar Jesena's] name, and other similar documents that Plaintiff seek." (NYSCEF No. 52 at ¶ 14 [defendant's affidavit mot seq 002].) Defendant provided leases and monthly financial reports. But he did not provide receipts accompanying those reports (and referenced within them) or any service contracts. Indeed, he now represents that he has no service contracts or related documents in his possession. (NYSCEF No. 69 at ¶ 13.)
The court does conclude, however, that defendant has not disobeyed the branches of this court's order to provide plaintiff with his copies of the units' keys or the security deposits. Defendant did not previously represent that he had keys to all the apartment units. (See NYSCEF No. 52.) And he currently represents that he has keys only to the front door and basement, not the units. Plaintiffs have not otherwise shown that defendant possesses those keys. Similarly, defendant did not imply on prior motion sequences that he has access to the security deposits themselves (see id. [affidavit on mot seq 002]), and he currently represents that Mr. Jesena holds the security deposits (see NYSCEF No. 69 at ¶ 14). Nor have plaintiffs conclusively shown that defendant can access the security deposits.
Given defendant's representation that he is the rightful manager of the property, one would reasonably expect that he would have access to the documents plaintiffs seek or at least that he be able to assist plaintiffs in obtaining those documents. The court concludes that defendant has conducted himself contumaciously. Because this court warned defendant that he could be subject to arrest for his noncompliance, it concludes that a civil-arrest warrant shall issue for defendant's arrest if defendant does not sufficiently supplement his production within 10 days from service of this order with notice of entry to remedy the defects noted above.
Accordingly, it is
ORDERED that defendant is held in civil contempt, and defendant is directed to produce the remainder of the documents about the bank account(s) in which he deposited tenants' rent and any contracts and financial records (including receipts) associated with the building within 10 days of service of this order with notice of its entry in order to purge the contempt; and it is further
ORDERED that in the event defendant fails to comply with this order to purge within 10 days of service of this order with notice of entry, a civil-arrest warrant shall issue for defendant's arrest; and it is further
ORDERED that plaintiffs serve a copy of this order on defendant with notice of its entry on defendant.
DATE 1/6/2025
GERALD LEBOVITS, J.S.C.

Footnotes

Footnote 1: Plaintiffs also argue that defendant failed to produce the required materials by the deadline set in this court's order on motion sequence 002. Although plaintiffs are correct, this court is not persuaded that the untimeliness of defendant's production constitutes contempt. The order provided that "[t]he injunction shall be complied with within 24 hours of service of a copy of this order by plaintiff on defendant's counsel." (NYSCEF No. 58.) Defendant argues that he timely provided the materials on March 1, 2024, at 10:15 a.m.—within 24 hours after this court's order was entered by the clerk's office. But the production clock started to run when the order was served, not entered. Plaintiffs served the order on defendant's counsel on February 28, 2024, at 10:41 a.m. Defendant therefore had until February 29, 2024, at 10:41 a.m. to comply with the order. In turn, defendant's production was untimely. Nonetheless, defendant's untimeliness is not contumacious, because plaintiffs have not shown how the single-day delay resulted in prejudice.